Meleah Campbell

300 Morse St. [#] 1029

Washington, [D.C.] [20002]

Phone: (408) 480-0944

Case: 1:22-cv-03422
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 11/8/2022
Description: Employ. Discrim. (H-DECK)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MELEAH CAMPBELL, ) | |
| ) | COMPLAINT FOR DAMAGES |
| Plaintiff, ) | AND INJUNCTIVE AND |
| ) | DECLARATORY RELIEF |
| v. ) | |
| ) | Civ. No.: |
| MURIEL BOWSER, ) | |
| MICHELLE BEHRENS, ) | PLAINTIFF DEMANDS |
| KIPP DC, ) | A TRIAL BY JURY |
| ERIN K. PITTS, ) | |
| JANA LEE, ) | |
| ) | |
| Defendants. ) | |

## STATEMENT OF THE CASE

1. Plaintiff was terminated from employment by the Defendants for refusing to take the COVID-19 vaccination, in violation of her sincerely held religious beliefs.

## JURISDICTION

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1346, 2201 and 2202, 42 U.S.C. § 1983, and the First Amendment to the Constitution of the United States.

RECEIVED

NOV 0 8 2022

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

1

## PARTIES

3. Meleah Campbell is a private citizen with a residence address of: 300 Morse St. # 1029 Washington, D.C. 20002.

4. Muriel Bowser is the mayor of Washington, D.C. Her business address is: 1350 Pennsylvania Avenue, NW Washington DC 20004.

5. Michelle Behrens is an employee of Kipp DC. Her business address is: 2600 Virginia Ave. NW Suite 900 Washington, D.C. 20037.

6. Kipp DC Public Charter Schools has a business address of: 2600 Virginia Ave. NW Suite 900 Washington, D.C. 20037.

7. Erin K. Pitts is an employee of Kipp DC. Her business address is: 2600 Virginia Ave. NW Suite 900 Washington, D.C. 20037.

8. Jana Lee is an employee of Kipp DC. Her business address is: 2600 Virginia Ave. NW Suite 900 Washington, D.C. 20037.

## FACTS

9. Plaintiff was terminated from her employment as a teacher for refusing to violate her sincerely held religious beliefs, described in the following fashion via email exchanges:

10. September 22, 2021 at 11:47 AM I emailed accommodations@kippdc.org requesting a religious exemption form.

11. Friday, October 1, 2021 at 4:19 PM I emailed my religious exemption

2

form. (see attached document: Attachment A).

12. Tuesday, October 5, 2021 at 6:08 PM I received an email from Michelle Behrens Associate Director of Policy, stating:

"Hi Meleah,

We have reviewed your request. To be considered for an   accommodation, please respond to all questions in the accommodation form. Without these responses, we will not be able to consider your request for an accommodation for a vaccine exemption based on your sincerely held religious beliefs.

In your personal written statement, please write out each religious belief that you think requires you to not take the COVID vaccine, how long you have held each belief, and please provide examples of ways in which each religious belief you identify has informed your choices in life up to now (e.g., activities you do or refrain from doing).

Please reach out with any questions.

Best,

Michelle"

13. Wednesday, October 6, 2021 at 11:25 AM I emailed Michelle:

"Hi Michelle,

Thanks for getting back to me. If you are demanding that I write out each religious belief that requires me to not take the COVID vaccine, how long I have

held each belief, and examples in order to retain employment, then you are referring to Religious Accommodation which my employer KIPP DC has already afforded me the consideration for Religious Exemption regarding medications in compliance with the laws under U.S. Equal Employment Opportunity regarding medications in compliance with the laws under U.S. Equal Employment Opportunity Commission. Section 12 states the law requires an employer (KIPP DC) or other covered entity to reasonably accommodate an employee's religious beliefs or practices. My Religious practice is that of Christianity as I've stated on page 1 between lines 12-15 in my first reply. If KIPP DC as a charter school is not required to be in compliance with U.S. Equal Employment Opportunity laws please let me know. In my reply please see lines 8-28 on page 8 and lines 1-14 on page 9 to understand why a person practicing Christianity would exercise a right based on Religious Accommodation and the First Amendment to not partake in receiving certain recommended medications because it would cause one who practices Christianity to abandon the precepts and beliefs by which one lives by as a Christian person. If an employer were to use coercion by making it a condition of job retention it could result in a violation of Title VII which could trigger Federal Complaint for harassment. For examples of why a person who practices Christianity would refuse certain recommended procedures please see my first response pages 8-9. I have no qualms about doing anything I am contractually

obligated to do, in my performance as a teacher, in order to retain employment. I have been looking through documents I signed when I was hired and cannot seem to find where I am contractually obligated to consent to waive my rights to privacy regarding my PHI (Protected Health Information) nor do I know with certainty exactly which vaccinations I have received so I am not competent and lack the confidence to discuss my medical record. If KIPP DC needs my private patient health information regarding vaccinations HIPAA does have the enforcing law protocols in place where it is not required to have written authorization from the patient to provide PHI. It can be found at HHS.gov. under The HIPAA Privacy Rule. If a Representative sponsored a bill then the House of Representatives and Senate have given their final approval of the bill making it law. If the new law requires certain vaccinations and KIPP DC is enforcing the new law please contact my Healthcare provider Medstar and inform them that KIPP DC is using the exemption of law enforcement support to acquire my PHI regarding vaccinations.

If the Supreme Court of the United States Government lacks the competence to inquire whether one of the Christian faith more correctly perceives the commands of their common faith according to Thomas, 450 U.S. at 716 please inform me how KIPP DC has the authority to be competent to render a valid legal interpretation regarding my exercise of my First Amendment right to freedom of religion and Religious Accommodation exemption so that I may have the

opportunity of proceeding in compliance there of.

Please reach out with any questions.

Best,

Meleah Campbell"

14. October 6, 2021 at 2:33 PM I received an email from Erin K. Pitts, Senior Director of Employee Policy

"Good afternoon Ms. Campbell,

I work with Ms. Behrens on religious exemptions. KIPP DC must comply with the Mayor's order requiring that school employees obtain a COVID vaccine before November 1st. We have no option but to comply. We can only provide exceptions for employees who qualify for religious or medical exemptions. It appears you are declining to participate in our religious exemptions process, which is your right. Given that, however, we must deny your request for an exemption. To retain your employment with KIPP DC, you will be required to receive the COVID-19 vaccine by the November 1 deadline. A full list of free vaccination clinic locations near you can be found here: https://www.vaccines.gov/search/. If you do not provide proof of full vaccination by November 1, you will be placed on unpaid leave beginning November 2. Employees who do not provide proof of vaccination by November 30th will be separated from employment.

This is a matter of safety, and I'm afraid we cannot deviate from the Mayor's

requirements.

Thank you.

Erin

Erin K. Pitts Senior Director of Employee Policy"

15. On Oct 26, 2021, 5:27 PM I received an email from Jana Lee, Director of Human Resources which stated:

"I am writing because our records indicate you are not in compliance with the District of Columbia Mayor's Order and/or KIPP DC's COVID-19 vaccination policy because you have failed to provide KIPP DC with proof that you have received all doses of the COVID-19 vaccine. If you do not upload proof that you have received all COVID-19 vaccine doses by November 1, 2021, you will be placed on unpaid administrative leave on November 2. If you believe you are receiving this message in error, please email vaccine@kippdc.org immediately.

If you choose not to vaccinate and are placed on unpaid leave as of November 2, you will not be allowed to report to work until you have provided proof that you have received all doses of the COVID-19 vaccine and are approved by HR to return. If you choose not to vaccinate by November 30, 2021, you will be terminated from employment with KIPP DC as of that date.

Please be aware that while you are on leave, KIPP DC will post and make every effort to backfill your role to ensure coverage for our students. Thus, if you

choose to get vaccinated after November 1, you may not be able to return to your current role.

If you choose to vaccinate, DC Health offers free walk-up COVID vaccine sites across the city. A full list of the free, walk-up vaccination sites in DC can be found here. You can find a vaccination site by location here. The Johnson & Johnson vaccine requires one dose, while the Pfizer and Moderna vaccines require two doses, spaced several weeks apart.

It is not too late to comply with the Mayor's vaccine mandate. If you elect to receive the Johnson & Johnson vaccine and you upload proof of vaccination here by November 1, you will be in full compliance, will retain your job, and will not be placed on unpaid leave.

If you have any questions, please see KIPP DC's Vaccine FAQ document linked here. If after reading the FAQ document you have any additional questions, please email vaccine@kippdc.org."

16. Mon, Nov 1, 2021, 5:35 PM I was notified via email that I was being placed on administrative leave in an email from Jana Lee, Director of Human Resources.

"Dear Meleah Campbell:

I am writing to confirm that you are being placed on unpaid administrative leave from your position as Pre-Kindergarten 4 Teacher, effective immediately.

This action is being taken because you have failed to comply with the District of Columbia Mayor's Order and / or KIPP DC's      COVID-19 vaccination policy. If you believe you are receiving this message in error, please email vaccine@kippdc.org immediately.

You will remain on unpaid leave and are not to report to work until you have provided proof to KIPP DC that you have taken a full course of the COVID-19 vaccine.  If you do not comply with KIPP DC's requirements by November 30, 2021, you will be terminated from employment with KIPP DC as of that date.

The FAQ document linked here may answer many of your questions.  Please note:

• Your November 15, 2021 paycheck will include pay for November 1, 2021 and any additional compensation, if owed.

• You will continue to receive benefits until November 30, 2021. You will owe KIPP DC for your contribution to be paid by November 30.

• You should bring your laptop, keys, and any other technology to your school's front office or HDQ's front desk as soon as possible. If you are a remote employee, please email support@kippdc.org saying you need to return your device, provide your address and your phone number, and we will send a FedEx box to you.

To resume your duties at KIPP DC, you must submit proof of having

received all doses of a COVID-19 vaccine by November 30, 2021 and be approved to return to work. You will not automatically have a right to return to your job. However, the sooner you are able to share proof of vaccination, the sooner you may be eligible to return to your job.

If you choose to vaccinate, DC Health offers free walk-up COVID vaccine sites across the city. A full list of the free, walk-up vaccination sites in DC can be found here. You can find a vaccination site by location here.

If you have any questions about this letter, please email vaccine@kippdc.org.

Sincerely,

Jana Lee Director of Human Resources"

17. On November 30, 2021 I was informed that my employment was terminated by Jana Lee, Director of Human Resources.

"Dear Meleah Campbell:

In light of your failure to comply with the District of Columbia Mayor's Order and / or KIPP DC's COVID-19 vaccination policy, your last day of employment at KIPP DC is November 30, 2021. Below is the information pertaining to your final pay and benefits..."

LEGAL CLAIMS
First Cause of Action
Violation of the First Amendment
Freedom of Religion

18. The law on this issue is quite clear and has been for some time.

19. The Supreme Court itself has rejected "inquiry into ... religious views" as "not only unnecessary but also offensive," *Mitchell v. Helms*, 530 U.S. 793, 828, 120 S.Ct. 2530 2551, 147 L.Ed.2d 660 (2000) (plurality opinion), declaring that "[i]t is well established, in numerous other contexts, that courts should refrain from trolling through a person's or institution's religious beliefs." Id.; see also *Employment Div., Dep't of Human Res. of Ore. v. Smith*,494 U.S. 872, 887, 110 S.Ct. 1595, 1604-05, 108 L.Ed.2d 876 (1990); *Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696, 718, 96 S.Ct. 2372, 2384-85, 49 L.Ed.2d 151 (1976).

20. It appears that the Defendants are under the mistaken impression that they are a governmental body superior to the U. S. Supreme Court.

Only beliefs rooted in religion are protected by the Free Exercise Clause, which, by its terms, gives special protection to the exercise of religion. *Sherbert v. Verner, supra;* Wisconsin [450 U.S 707,714] v. Yoder, 406 U.S. 205, 215-216 (1972). The determination of what is a "religious" belief or practice is more often than not a difficult and delicate task, as the division in the Indiana Supreme Court attests. [Footnote 7] However, the resolution of that question is not to turn upon a judicial perception of the particular belief or practice in question; religious beliefs need not be acceptable, logical, consistent, or comprehensible to others in order to merit First Amendment protection.

*Thomas v. Review Bd., Ind. Empl. Sec. Div.*, 450 U.S. 707 (1981)

21. Apparently the Defendants were under the assumption that Plaintiff's religious beliefs had to be comprehensible *to them.*

Title VII of the Civil Rights Act of 1964 proclaims one of this nation's most fundamental, if yet unrealized, principles: a person shall not be denied full equality of employment opportunity on account of race, color, religion, sex, or national origin. Title VII bars both intentional discrimination and artificial, arbitrary, or unnecessary barriers to equal opportunity.

*Segar v. Smith*, 738 F.2d 1249, 238 U.S.App.D.C. 103 (D.C. Cir. 1984)

"Alas, preserving the fragile ark of our constitutionalism requires us to remember that the first principle of liberty is freedom from gratuitous coercion. We respectfully dissent."

*Priests for  Life v. U.S. Dep't of Health &amp; Human Servs.*, 808 F.3d 1(Mem) (D.C. Cir. 2015)

22. A person's "right to ... follow a chosen profession free from unreasonable governmental interference comes within the `liberty' ... concept of the Fifth Amendment." *Greene v. McElroy*, 360 U.S. 474, 492, 79 S.Ct. 1400 1411, 3 L.Ed.2d 1377 (1959); see also *Kartseva v. Dep't of State*, 37 F.3d 1524, 1529 (D.C.Cir.1994) (acknowledging a "constitutionally protected `right to follow a chosen trade or profession'" (quoting *Cafeteria & Restaurant Workers Local 473 v.*

12

*McElroy*, 367 U.S. 886, 895-96, 81 S.Ct. 1743 1749, 6 L.Ed.2d 1230 (1961))).

23. For an illustration of how far out of line the Defendants were, see:

Here, EPA has tried to jam a square peg (regulating non-ozone-depleting substances that may contribute to climate change) into a round hole (the existing statutory landscape).

The Supreme Court cases that have dealt with EPA's efforts to address climate change have taught us two lessons that are worth repeating here. See, e.g., *Utility Air Regulatory Group v. EPA* , *U.S.*, 134 S.Ct. 2427, 189 L.Ed.2d 372 (2014). First , EPA's well-intentioned policy objectives with respect to climate change do not on their own authorize the agency to regulate. The agency must have statutory authority for the regulations it wants to issue. Second, Congress's failure to enact general climate change legislation does not authorize EPA to act. Under the Constitution, congressional inaction does not license an agency to take matters into its own hands, even to solve a pressing policy issue such as climate change. Justice Breyer has summarized that separation of powers point in another context—there, the war against al Qaeda. See *Hamdan v. Rumsfeld*, 548 U.S. 557, 636, 126 S.Ct. 2749, 165 L.Ed.2d 723 (2006) (Breyer, J., concurring). Justice Breyer stated in *Hamdan* that war is not a blank check for the President. *Id.* ; see also *Youngstown Sheet  & Tube Co. v. Sawyer* , 343 U.S. 579, 637, 72 S.Ct. 863, 96 L.Ed. 1153 (1952) (Jackson, J., concurring). So too, climate change is not a

13

blank check for the President.

Those bedrock separation of powers principles undergird our decision in this case. However much we might sympathize or agree with EPA's policy objectives, EPA may act only within the boundaries of its statutory authority. Here, EPA exceeded that authority.

*Mexichem Fluor, Inc. v. Envtl. Prot. Agency*, 866 F.3d 451 (D.C. Cir. 2017)

24. And as did the Defendants.

25. A religious believer's exercise of religion is substantially burdened if the law presents the believer with the choice of either violating his or her religious beliefs or suffering a substantial penalty. *Hobby Lobby*, 573 U.S. at 726; see also *Holt v. Hobbs*, 574 U.S. 352, 361 (2015).

26. The Supreme Court has repeatedly and uniformly admonished that the First Amendment prohibits courts from acting as ecclesiastical tribunals judging the reasonableness or orthodoxy of an organization's or person's religious beliefs. See *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 725 (2014) ("Repeatedly and in many different contexts, we have warned that courts must not presume to determine … the plausibility of a religious claim." (citations omitted)); *Thomas v. Review Bd. of Ind. Emp't Sec. Div.*, 450 U.S. 707, 716 (1981)

SECOND CAUSE OF ACTION
Practicing Medicine Without a License

27. District of Columbia Code: § 3-1210.01 Practicing without license,

14

registration, or certification.

No person shall practice, attempt to practice, or offer to practice a health occupation licensed, registered, certified, or regulated under this chapter in the District unless currently licensed, registered, or certified, or exempted from licensure, registration, or certification, under this chapter.

28. District of Columbia Code: § 3–1210.02. Misrepresentation.

Unless authorized to practice a health occupation under this chapter, a person shall not represent to the public by title, description of services, methods, or procedures, or otherwise that the person is authorized to practice the health occupation in the District.

To begin with, the Plaintiffs' likelihood of success on the merits lightens the Executive's stated interests. In *Youngstown Sheet & Tube Co. v. Sawyer*, for example, the Supreme Court affirmed the district court's preliminary injunction of an illegal executive order even though a wartime President said his order was "necessary to avert a national catastrophe." 343 U.S. 579, 582, 72 S.Ct. 863, 96 L.Ed. 1153 (1952). More recently, the Supreme Court confirmed that "our system does not permit agencies to act unlawfully even in pursuit of desirable ends." *Alabama Association of Realtors v. HHS* , U.S., 141 S. Ct. 2485 2490, 210 L.Ed.2d 856 (2021); see also *NFIB v. Department of Labor*, U.S., 142 S. Ct. 661, 666, 211 L.Ed.2d 448 (2022) (staying an illegal vaccine mandate even though the

government said the mandate would save more than 6,500 lives).

Of course, "the public has a strong interest in combating the spread of "COVID-19. *Alabama Association of Realtors* , 141 S. Ct. at 2490. But this is March 2022, not March 2020. The CDC's § 265 order looks in certain respects like a relic from an era with no vaccines, scarce testing, few therapeutics, and little certainty. Cf. *Roman Catholic Diocese of Brooklyn v. Cuomo* , U.S., 141 S. Ct. 63, 78, 208 L.Ed.2d 206 (2020) (Breyer, J., dissenting) ("the need for action is immediate, the information likely limited, the making of exceptions difficult, and the disease-related circumstances rapidly changing"). The evidence of the difference between then and now is considerable. See Kiran Stacey, *'Full Blown' Pandemic Phase of Covid Nearly Over in U.S., Declares Anthony Fauci*, Financial Times (Feb. 8, 2022), https://www-ft-com.ezproxy.brunel.ac.uk/content/3800e619-3404-4e57-a9ebdab311405c2a; Natalie Andrews & Sabrina Siddiqui, *Some Democrats Push Biden to Embrace Normalcy as Covid-19 Cases Ease* , Wall Street Journal (Feb. 12, 2022),https://www.wsj.com/articles/some-democrats-push-biden-toembrace-normalcy-as-covid-19-cases-ease-11644667202. We cannot blindly defer to the CDC in these circumstances.

*Huisha-Huisha v. Mayorkas*, 27 F.4th 718 (D.C. Cir. 2022)

29. "Whether a proposed course of action is; 'medically appropriate'

obviously depends on the judgment of medical professionals. See *Harper*, 494 U.S. at 231, 233-34; *Youngberg, 457 U.S.* at 322-23; *Vitek v. Jones*, 445 U.S. 480, 495 (1980);

30. Plaintiff does not believe the defendants qualify as 'medical professionals'.

WHEREFORE, plaintiff moves this court to grant her:

1. Trial by jury on all issues triable by jury.

2. Compensatory damages in the amount of her lost wages.

3. Punitive damages to be determined by a jury.

4. A declaratory judgment that the actions of the Defendant violated the constitutional rights of the Plaintiff pursuant to 28 U.S.C. § 2201 and 2202.

5. Plaintiff's cost of this suit.

6. Such other relief as this Court deems just, proper, and

Respectfully submitted,

7th Day of November  2022

*Meleah Campbell*
Meleah Campbell
300 Morse St. # 1029
Washington, D.C. 20002.

District of Columbia
Signed and Sworn to (or affirmed) before me on 11/7/2022 (Date)
by Meleah Campbell
(Name(s) of Individual(s) Making Statement)
Signature of Notarial Officer: _____
Title of Office: Notary public
My Commission Expires: 11/17/2026

MAYA LILLIE VANN
NOTARY
PUBLIC
My Comm. Exp.
Nov 14, 2026
DISTRICT OF COLUMBIA

17

## Verification

The undersigned Plaintiff in this action, Meleah Campbell, verifies that she has read the forgoing Complaint and that it is true and accurate, to the best of her knowledge. Sworn to under penalty of perjury, 28 U.S.C. 1746.

*Meleah Campbell*

Meleah Campbell

District of Columbia

Signed and Sworn to (or affirmed) before me on ___11/7/2022___ (Date)
by __Meleah Campbell__
(Name(s) of Individual(s) Making Statement)

Signature of Notarial Officer: _____

Title of Office: __Notary public__

My Commission Expires: __11/14/2026__



18