UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MELEAH CAPMBELL,<br><br>    Plaintiff,<br><br>    v.<br><br>MURIEL BOWSER, in her official capacity as Mayor of the District of Columbia, *et al.*,<br><br>    Defendants. | Civil Action No. 22-3422 (CKK) |

**MEMORANDUM OPINION AND ORDER**
(May 25, 2023)

Plaintiff Meleah Campbell, proceeding *pro se*, has sued, among others, her former employer, a charter school in the District of Columbia, for terminating her employment after she refused to be vaccinated against COVID-19 in accordance with a public health order issued by the Mayor of the District of Columbia and her employer's policy effecting that order.[1] Plaintiff claims that her termination violates her right to free exercise under the First Amendment and a District of Columbia statute barring practicing medicine without a license. Defendants have moved to dismiss the complaint, arguing that it does not provide adequate notice of the basis of her claims and, even if it did, does not state a claim upon which relief may be granted. Although her statutory claim fails as a matter of law, Defendants have provided insufficient argument to determine whether Plaintiff states a First Amendment claim. Accordingly, and upon consideration of the pleadings,[2] the relevant legal authority, and the entire record, the Court

---

[1] Defendants are Michelle Behrens, KIPP DC, Erin K. Pitts, Jana Lee (collectively, "KIPP DC Defendants"), and Muriel Bowser in her official capacity as Mayor of the District of Columbia ("Mayor Bowser").
[2] This Memorandum Opinion and Order focuses on the following documents:
   • Plaintiff's Complaint, ECF No. 1 ("Compl.");

1

**GRANTS IN PART AND HOLDS IN ABEYANCE IN PART** the KIPP DC Defendants' [4] Motion to Dismiss Plaintiff's Complaint and Mayor Bowser's [8] Motion to Dismiss, pending supplemental briefing.

## I.     BACKGROUND

On September 20, 2021, Mayor Bowser issued a public health order requiring "all adult employees, contractors, interns, and volunteers working in person in a public, public charter, independent, private, or parochial school" in the District of Columbia to "have received a full course of vaccination against COVID-19" on or before November 1, 2021.  Mayor's Order 2021-109 at 3 ("Order").  The Order also provided for exemptions under certain circumstances, including for those individuals who "object in good faith and in writing, pursuant to procedures established by[, among others,] the District of Columbia Public Charter School Board [and an individual charter school] that the person's vaccination would[:] [(1)] violate their sincerely held religious beliefs; [(2)] the vaccination would in fact violate a sincerely held religious belief of the person; and [(3)] the granting of the religious exemption would not impose an undue burden consistent with federal law[.]" *Id.* at 5.  Evidently in response to her employer enforcing this mandate, Plaintiff requested a religious exemption on October 1, 2023.  Compl. ¶ 11.

---

- KIPP DC Defendants' Motion to Dismiss Plaintiff's Complaint, ECF No. 4;
- Mayor Bowser's Motion to Dismiss, ECF No. 8;
- Plaintiff's Memorandum in Opposition to Defendant's [sic] Motion to Dismiss, ECF No. 10;
- KIPP DC Defendants' Reply in Support of its [sic] Motion to Dismiss Plaintiff's Complaint, ECF No. 11; and
- Plaintiff's Memorandum in Opposition to Defendant Muriel Bowser's Motion to Dismiss, ECF No. 12.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision.  *See* LCvR 7(f).

2

In her request, Plaintiff stated that she was "of the Christian faith," and, in conclusory fashion, that she refused to undergo vaccination against COVID-19 as a result. Compl. Ex. A. at 1. When Defendant Behrens asked Plaintiff to explain why, exactly, her faith compelled her to forgo vaccination, Plaintiff refused, stating her view that the law precluded such a question. *Id.* at 2; Compl. ¶ 12. On October 6, 2021, Defendant Pitts informed Plaintiff that KIPP DC would deny Plaintiff's request for a religious exemption because Plaintiff "decline[d] to participate in [KIPP DC's] religious exemption process." Compl. ¶ 14. Defendant Lee[3] notified Plaintiff on November 1, 2021 that KIPP DC had placed Plaintiff on unpaid leave. *Id.* ¶ 16. Defendant Lee then informed Plaintiff that Plaintiff's employment had been terminated effective November 30, 2021 for failure to comply with the Order and KIPP DC's employment policies. *Id.* ¶ 17. This action followed.

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). Rather, a complaint must contain sufficient *factual* allegations that, if true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial

---

[3] Defendant Lee has yet to be served.

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must construe the complaint in the light most favorable to the plaintiff and accept as true all reasonable factual inferences drawn from well-pleaded factual allegations.  *See In re United Mine Workers of Am. Employee Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994).

### III.   DISCUSSION

#### A.   Rule 8

First, Mayor Bowser moves to dismiss Plaintiff's complaint for purported failure to place Defendants on notice of her claims pursuant to Federal Rule of Civil Procedure 8.  Complying with Rule 8 is not an "impossible or unduly onerous task." *Raja v. FDIC*, Civ. A. No. 16-0511 (KBJ), 2021 WL 508578, at *2 (D.D.C. Feb. 11, 2021); *see also Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017) (KBJ). To comply with Rule 8, a complaint need only be clear enough to enable a defendant "to understand whether a valid claim is alleged and if so what it is." *Pobelete v. Indymac Bank*, 657 F. Supp. 2d 86, 96 (D.D.C. 2009).  The Rule is predominantly concerned with "clarity and brevity." *See Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004).  Where complaints are dismissed on Rule 8 grounds, they are "excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material." *T.M. v. District of Columbia*, 961 F. Supp. 2d 169, 174 (D.D.C. 2013).

Moreover, a *pro se* complaint must be "'liberally construed'" and held to "'less stringent standards than formal pleadings drafted by lawyers.'" *Williams v. Bank of N.Y. Mellon*, 169 F. Supp. 3d 119, 123-24 (D.D.C. 2016) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "Construing a document liberally means, at a minimum, that a plaintiff need not use 'magic

words' or legal jargon." *Walker v. Spirit Aerosystems, Inc.*, 276 F. Supp. 3d 1224, 1230 (N.D. Okla. 2017). Liberal construction of a *pro se* complaint simply means attempting to parse cogent legal theories from imperfect recitation of legal doctrine.

As a threshold matter, Plaintiff's eighteen-page complaint is a far cry from the 119 pages of conspiratorial allegations that *Ciralsky* held to be impermissibly prolix. *See* 355 F.3d at 670. Nor is Plaintiff's complaint "incoherent." As to the complaint's first claim for relief, Plaintiff has sued a charter school and a state[4] official for purported deprivation of a free-exercise right. Compl. at 10 ("First Cause of Action[:] Violation of the First Amendment[,] Freedom of Religion"). Since federal and state authorities began instituting vaccination mandates two years ago, a flood of litigation throughout the federal courts resulted, much of it predicated on the same legal theories advanced in Plaintiff's complaint. *See, e.g.*, *Kane v. De Blasio*, 19 F.4th 152, 159 (2d Cir. 2021) (per curiam) (First Amendment challenge to vaccine mandate in New York City schools); *see also generally* Zalman Rothschild, *Individualized Exemptions, Vaccine Mandates, and the New Free Exercise Clause*, 131 Yale L.J.F. 1106 (2022) (collecting cases). Many of these challenges rely on 42 U.S.C. § 1983 for a cause of action, which, as the complaint essentially argues, forbids District of Columbia officials from "depriv[ing]" an individual of "any rights . . . secured by the Constitution." *See, e.g.*, *Booth v. Bowser*, 597 F. Supp. 3d 1, 24 (D.D.C. 2022) (parental challenge to youth mandate on First Amendment grounds).

Given how closely Plaintiff's complaint tracks the statutory language of 42 U.S.C. § 1983 and its similarity to numerous other challenges to vaccine mandates throughout the country, the Court must construe the complaint to succinctly advance: (1) a constitutional challenge to the

---

[4] For present purposes, the Court treats the Mayor of the District of Columbia as a state official. *See District of Columbia v. Carter*, 409 U.S. 418, 420 (1973); 42 U.S.C. § 1983.

Order as applied to Plaintiff pursuant to 42 U.S.C. § 1983; and (2) a state-law challenge to the Order.  Because Plaintiff's complaint is sufficiently clear and concise, the Court rejects Mayor Bowser's Rule 8 challenge to the complaint.

### B. Practicing Medicine Without a License

On the merits, however, Plaintiff's second claim clearly fails as a matter of law.  Plaintiff argues that the KIPP DC Defendants' effectuation of the Order is "practicing a health occupation," here, medicine, without being "currently licensed" by the District of Columbia, in violation of D.C. Code § 3-1210.01.  It should be obvious that the promulgation and effectuation of public health orders is not "practicing medicine."  Indeed, for the purposes of D.C. Code §§ 3-1210.01 *et seq.*, to practice "medicine" means, and means only:

> suggesting, recommending, prescribing, or administering, . . . any formed of treatment, operation, drug, medicine, manipulation, electricity, or any physical, mechanical, or health treatment by other means, for the prevention, diagnosis, correction, or treatment of a physical or mental disease, ailment, injury, or condition of any person . . . .

D.C. Code § 3-1201.02(7)(A) (West 2023).[5]  *See also Rhoades v. Savannah River Nuclear Solutions, LLC*, 574 F. Supp. 3d 322, 336 (D.S.C. 2021) (Childs, J.) (rejecting challenge to federal contractor's vaccination requirement relying on, *inter alia*, state law on practice of medicine without a license).

Even if the Order and KIPP DC's vaccination requirement did fall within section 3-1201.01's ambit, only the District of Columbia can police the statute's violation.  *E.g.*, D.C. Code §§ 3-1201.08 (Criminal prosecution), 3-1201.09 (civil sanctions), 3-1210.10 (injunctions).  There is absolutely no indication anywhere in the statutory scheme that suggests that the Council

---

[5] There has been only one, immaterial amendment to this statute since Plaintiff's termination in November 2021.  *See* School Psychologist Licensing Clarification Amendment Act of 2022, 2022 D.C. Laws 24-302 (Jan. 10, 2023).

of the District of Columbia meant to impliedly provide a private citizen the right to enforce section 1210.01, and the Court must be "reluctant to find a private right of action implicit in a statute that provides for public enforcement." *Dial A Car, Inc. v. Trans., Inc.*, 132 F.3d 743, 744 (D.C. Cir. 1998) (applying District of Columbia law).  Therefore, even taking the complaint's allegations as true, Plaintiff's state-law claim for the practice of medicine without a license fails as a matter of law.

### C.  Free Exercise

Both motions to dismiss are woefully lacking in legal argument as to Plaintiff's First Amendment claim.  The KIPP DC Defendants argue in a conclusory fashion that Plaintiff cannot state a constitutional claim against them because she has not pled that KIPP DC is a public actor.  For the Mayor's part, Mayor Bowser simply insists over a few sentences that Plaintiff "has failed to allege a compensable claim against the District."  ECF No. 8 at 6.  For the reasons stated above, the Court has concluded that the complaint advances a constitutional claim pursuant to 42 U.S.C. § 1983.  Although it is unlikely that the complaint states a claim cognizable under section 1983, the Court cannot hold as much without additional briefing.

Therefore, the Court will afford Defendants an opportunity to file supplemental briefing on at least two sets of questions.  First, the KIPP DC Defendants shall address whether a charter school is *ipso facto* a public actor when enacting a public health ordinance, whether or not the Court takes judicial notice of the District of Columbia's laws and regulations governing charter schools.  *See Rendell-Baker v. Kohn*, 457 U.S. 830 (1982); *Peltier v. Charter Day Sch., Inc.*, 37 F.4th 104 (4th Cir. 2022) *cert. pending* (Sept. 14, 2022).  Second, Mayor Bowser shall address the merits of the constitutionality of the Order as applied to Plaintiff, including whether the Order is subject to rational-basis or strict-scrutiny review.  *See Does 1-6 v. Mills*, 16 F.4th 20 (1st

7

Cir. 2021); *Collins v. City Univ. of N.Y.*, 21 Civ. 9544 (NRB), 2023 WL 181547 (S.D.N.Y. Feb. 8, 2023).

### IV. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED**, that Defendants Michelle Behrens, KIPP DC, and Erin K. Pitts' [4] Motion to Dismiss Plaintiff's Complaint is **GRANTED IN PART AND HELD IN ABEYANCE IN PART**.  It is further

**ORDERED**, that Defendant Muriel Bowser's [8] Motion to Dismiss is **GRANTED IN PART AND HELD IN ABEYANCE IN PART**.  It is further

**ORDERED**, that Defendants shall, jointly or severally, file their supplemental briefing on or before **June 23, 2023**.  Plaintiff may file a response on or before **July 7, 2023**.  Defendants may file their reply(ies) on or before **July 21, 2023**.

**SO ORDERED**.

Dated: May 25, 2023

                                                   /s/
                                           COLLEEN KOLLAR-KOTELLY
                                           United States District Judge